```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY            :
DISTRICT COUNCIL OF CARPENTERS           :
PENSION FUND, et al.,                    :
                            Petitioners, :
                                         :
                -against-                :
                                         :
ALLIANCE WORKROOM CORPORATION,           :
                            Respondent.  :
---------------------------------------------------------- X
```

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 02/05/2016 |

15 Civ. 7880 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

Petitioners[1] seek to confirm an April 3, 2015, arbitration award in their favor against Respondent Alliance Workroom Corporation. Petitioners also request a grant of attorneys' fees in connection with this proceeding. Respondent has not appeared in this action or otherwise objected to the arbitration award, and its time to do so has passed. For the reasons below, Petitioners' motion to confirm the award and application for attorneys' fees are granted.

**I.     BACKGROUND**

The underlying arbitration award arises out of a collective bargaining agreement ("CBA") between Petitioner Funds and Respondent. Respondent was obligated under the CBA to make certain payments on behalf of all of its carpenter employees. The CBA also allowed Petitioners to audit Respondent's records to ensure that the necessary payments had been made. Under the CBA, any disputes or disagreements are subject to final and binding arbitration.

Petitioners attempted to conduct an audit of Respondent for the period between March 27, 2012 and August 17, 2015. When Respondent refused to submit to the audit, Petitioners

---

[1] Petitioners are trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters, et al. (the "Funds").

commenced arbitration proceedings.

At the arbitration, Respondent made no appearance and offered no evidence on its behalf. The Arbitrator awarded Petitioners a total of $455,856.21 and 5.25% interest beginning August 17, 2015.  On October 6, 2015, Petitioners timely filed a petition (the "Petition") to confirm the arbitration award and obtain attorneys' fees related to the Petition.

## II.     LEGAL STANDARD

"[T]he court's function in confirming or vacating an arbitration award is severely limited."  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks omitted, alteration in original).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected[.]"  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citation and quotation marks omitted).  "A court's review of an arbitration award is . . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274–75 (2d Cir. 2015) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012)).

An arbitration award should be confirmed as long as "the arbitrator 'offers a barely colorable justification for the outcome reached.'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the

case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted).  "In a case involving a collective bargaining agreement, the Court evaluates whether the arbitrator acted within the scope of his authority, and an award will be confirmed as long as it draws its essence from the collective bargaining agreement." *Dolan v. Barile Mech., Inc.*, 933 F. Supp. 2d 634, 638 (S.D.N.Y. 2013) (collecting cases) (internal citations and quotation marks omitted); *see also United Bhd. of Carpenters*, 804 F.3d at 274; *ReliaStar*, 564 F.3d at 85.

### III.   DISCUSSION

#### A.  The Award

The Petition seeking confirmation is granted.

First, the arbitrator acted within the scope of his authority.  The CBA explicitly authorizes the designated arbitrator to render an award which includes, as here, delinquent contributions, interest, liquidated damages, attorney's fees and costs, and any other appropriate equitable relief.

Second, the award is amply supported by the record and cannot be attributed to any bias or irrational decision making on the part of the arbitrator.  The arbitrator reviewed the CBA, which obligated Respondent to submit to the audit.  Respondent failed to furnish any evidence that it was not required to submit to the audit or that it had in fact submitted to the audit despite Petitioners' position.  Because the arbitrator's ultimate award had much more than a barely colorable justification, it is confirmed.

#### B.  Attorneys' Fees and Costs

Both the CBA and ERISA authorize reasonable attorneys' fees and costs for actions regarding delinquent funds.  *See* 29 U.S.C. § 1132(g).  Petitioners' application for attorneys' fees and costs for the present action in the total amount of $2,405.00 is granted.  Petitioners'

counsel document approximately nine hours of work on the Petition at $225 per hour, and seek reasonable costs of $470.00 for filing this action and for service.

### IV.	CONCLUSION

For the foregoing reasons, the Petition to confirm the arbitration award is GRANTED, and the application for attorneys' fees related to this Petition is also GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $455,856.21 plus 5.25% interest beginning August 17, 2015, and an additional amount of $2,405.00 as attorneys' fees and costs for the present Petition, not subject to the aforementioned interest rate. The Clerk is further directed to close this case.

SO ORDERED.

Dated: February 5, 2016
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**